IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-505-H

ROBERT L. SAIN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　**ORDER**
　　　　　　　　　　　　　　　　　　)
BILL QUINN, Human Resources　　　　)
Manager and THE GOODYEAR TIRE　　　)
& RUBBER COMPANY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　)

This matter is before the court on defendant Bill Quinn's motion to dismiss and defendant The Goodyear Tire & Rubber Company's ("Goodyear") partial motion to dismiss. Plaintiff has responded to both motions, and defendants have replied. Plaintiff has filed an additional sur-reply. The time for further filings has expired. This matter is ripe for adjudication.

### BACKGROUND

On November 11, 2010, plaintiff, proceeding pro se, filed a motion for leave to proceed in forma pauperis ("IFP") and attached his complaint to the motion. His IFP motion was denied

on November 22, 2010, and on January 25, 2011, after plaintiff paid his filing fee, the complaint was docketed by the court.

Plaintiff purports to bring claims against defendants under both Title VII, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and 42 U.S.C. § 1981 ("§ 1981"). Plaintiff alleges he was hired by defendant The Goodyear Tire & Rubber Company ("Goodyear") to work at its Fayetteville, North Carolina plant in 2007. Plaintiff alleges that defendants "denied [him] reasonable accommodation in a timely manner" in violation of the ADA, which, he alleges was "discriminatory with respect to . . .[his] race." (Compl. ¶ 4,6.) Plaintiff alleges the discrimination occurred from 2007 through 2009. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on March 27, 2009 and/or April 3, 2006. (Compl. ¶ 11.) He received a right to sue letter from the EEOC on August 20, 2010. (Compl. ¶ 11.)

## COURT'S DISCUSSION

### I. Defendant Quinn's Motion to Dismiss

Defendant Quinn argues that neither Title VII nor the ADA provides for individual liability, even where that individual is a supervisor. This court agrees. Because an individual supervisor, such as Mr. Quinn, is not the plaintiff's "employer"

2

as defined by the statues, plaintiff's claims under Title VII and the ADA fail as to defendant Quinn. Lissau v. Southern Food Serv. Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("Supervisors are not liable in their individual capacities for Title VII violations" because an individual supervisor is not the plaitniff's "employer."); Baird v. Rose, 192 F.3d 462, 471-72 (4th Cir. 1999) (the ADA does not "permit an action against individual defendants.").

Plaintiff also attempts to bring a claim under 42 U.S.C. § 1981. The caselaw is not as clear as to whether individual supervisors can be held labile under § 1981. However, this court need not reach this issue because a review of the complaint reveals that defendant Quinn's name appears only in the caption of the complaint. There are no specific factual allegations against Mr. Quinn. Plaintiff has not alleged in his complaint that Mr. Quinn discriminated against him. Therefore, plaintiff's claims fail against Mr. Quinn. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 570 (2007) (requiring that complaint contain sufficient factual allegations to be "plausible on its face").

II. Defendant Goodyear's Partial Motion to Dismiss

3

Defendant Goodyear moves for dismissal of the ADA claims against it, arguing that the allegations are untimely. Specifically, defendant Goodyear points to the well-settled law that under the ADA a charge of discrimination must be filed with the EEOC within 180 days of the alleged discriminatory practice. 42 U.S.C. § 12117(a). "When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court. This filing requirement acts as a 180-day statute of limitations . . . ." McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) (citations omitted).

Goodyear argues that plaintiff filed his EEOC charge at the earliest on March 27, 2009, meaning an alleged discriminatory practice must have occurred on or after September 28, 2008. Defendant argues that plaintiff's allegations describe events occurring on February 2, 2008 and July 14, 2008. However, plaintiff in his reply, points to an April 2009 alleged failure to accommodate. Defendant admits that this allegation, if true, would be timely, but asks this court to dismiss the others as untimely.

The court finds, at this stage of the litigation, there is insufficient information as to the timing of these events and their relationship to each other to make a final determination

4

as to timeliness. Therefore, defendant Goodyear's motion is DENIED WITHOUT PREJUDICE. The issue of timeliness may be raised again following some discovery and clarification of the alleged events and their respective timing.

**CONCLUSION**

For the foregoing reasons, defendant Quinn's motion to dismiss is GRANTED, and defendant Goodyear's partial motion to dismiss is DENIED WITHOUT PREJUDICE.

This 27th day of December 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26